**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| | * |
| **United States of America,** | * |
| *Plaintiff,* | |
| | * |
| | **Case No.: 21-cv-2042-PWG** |
| **v.** | * |
| | |
| **Real Property commonly known as** | * |
| **10800 Brookes Reserve Road, Upper** | |
| **Marlboro, MD 20772** | * |
| | |
| *Defendant.* | * |
| | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

Pending before me are Movant Rudolph Brooks, Jr.'s Motions to Set Aside Default, ECF No. 8, and his Motion for Leave to File an Opposition to the Government's Motion for Default Judgment, ECF No. 17.[1]  For the reasons explained below, I will provide Mr. Brooks with a final opportunity to file a verified claim and an answer or Rule 12 motion as required under the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). If Mr. Brooks files the required documents within the time provided, I will grant his Motion to Set Aside Default, and I will deny the Government's Motion for Default Judgment (ECF No. 16) and Mr. Brooks's Motion for Leave to File an Opposition as moot. If Mr.

---

[1]     Movant Rudolph Brooks, Jr.'s father and son are also named Rudolph Brooks. For the purposes of this Memorandum Order, "Mr. Brooks" refers exclusively to Movant Rudolph Brooks, Jr.

Brooks fails to meet the deadlines set out in this Order, I will deny both of his motions and consider the Government's Motion for Default Judgment unopposed.

The United States filed its Verified Complaint for Forfeiture in Rem against the real property located in Upper Marlboro, Maryland, commonly known as 10800 Brookes Reserve Road, Upper Marlboro, MD 20772 (the "Property") on August 12, 2021. ECF No. 1, Compl. The Verified Complaint alleges that the Property was acquired with "proceeds derived from false statements made on Paycheck Protection Program Loan applications," and that it is therefore subject to forfeiture as property "constituting, derived from, or traceable to, the proceeds of bank fraud in violation of 18 U.S.C. § 1344 and 'specified unlawful activity,' as that term is defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense, and as property involved money laundering violation of 18 U.S.C. §§ 1956 and 1957." *Id.* ¶ 3. The allegations of the Verified Complaint are supported by the attached Declaration of Special Agent Matthew Riemenschneider, which outlines in detail how Mr. Brooks allegedly "transmitted fraudulent PPP loan applications and supporting documentation to Celtic Bank, through its originating agent, Bluevine Incorporated, and thereafter laundered the proceeds through at least 15 bank accounts and used the proceeds to make impermissible purchases under the PPP, including the Defendant Property." ECF No. 1-1, Dec. of Matthew Riemenschneider ¶ 4. Mr. Brooks has been charged with wire fraud and money laundering in a related criminal case. *See United States v. Rudolph Brooks, Jr.*, Case No. 8:21-cr-00371-PWG.

Although Mr. Brooks was timely served with a Notice of Complaint for Forfeiture in Rem, which provides specific instructions regarding how to avoid forfeiture, he did not file a verified claim as required under Supplemental Rule G(5)(a)(ii), and he did not file an answer or

Rule 12 motion as required under Supplemental Rule G(5)(b). Accordingly, a Clerk's Entry of Default was entered on November 17, 2021. ECF No. 6, Entry of Default.

On December 16, 2021, Mr. Brooks filed a Motion to Set Aside the Default stating that his private counsel in his pending criminal case, who has since been terminated, assured him that he would handle this civil matter, and that Mr. Brooks "relied on the assurances of his private counsel that all matters would be handled in a timely manner." Motion to Set Aside Default at 2. Mr. Brooks also informed the Court that he had been assigned a federal public defender to represent him in his criminal case, and that he was seeking private counsel represent him in this action. *Id.* The Government responded that, notwithstanding its "extensive efforts to serve the potential owners of the Defendant Property," including personal service on Mr. Brooks,[2] it would not oppose Mr. Brooks's request for additional time to file a verified claim to the Property. ECF No. 9, Response to Motion to Set Aside Default.

On January 3, 2022, I ordered that Mr. Brooks's Motion to Set Aside Default would be granted upon the filing of: (a) "a verified claim by no later than Thursday, January 20, 2022"; and (b) "an answer to the Complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure, pursuant to Rule G(5)(b) of the Supplemental Rules . . . by no later than February 10, 2022." ECF No. 11, Jan. 3, 2022 Order. I further ordered that if Mr. Brooks failed to meet those deadlines, the Entry of Default would remain in place and the Government would be permitted to seek a default judgment under Rule 55(b). *Id.*

Since January 3, 2022, I have twice granted consent motions for extensions of the deadlines for Mr. Brooks to file a verified claim and an answer or Rule 12 motion. ECF Nos. 12

---

[2]      The Government also posted the Notice and Complaint at the Property, and mailed the Notice and Complaint to Mr. Brooks at three different addresses. *See* ECF Nos. 2 & 5.

& 14. The most recent Order extended Mr. Brooks's deadline to file a verified claim to March 22, 2022, and extended his deadline to file an answer or Rule 12 motion to April 12, 2022. ECF No. 14. Mr. Brooks took no action to comply with those deadlines or to seek an additional extension.

The Government filed its pending Motion for Default Judgment on July 8, 2022, and on August 8, 2022, Mr. Brooks filed his Motion for Leave to File an Opposition. In his Motion for Leave to File an Opposition, Mr. Brooks claims that his criminal defense counsel advised him not to file anything in this action, and that he was unaware that the Court had issued multiple Orders extending the deadlines in this case. *Id.* He further alleges that he continues to seek private counsel to represent him. *Id.*

Mr. Brooks has been on notice of this action and in possession of detailed instructions regarding how to file a verified claim and answer for nearly a year. *See* ECF No. 3, Executed Summons; ECF No. 4-2, Notice of Complaint for Forfeiture. Furthermore, the Court's records indicate that copies of the various Orders extending his filing deadlines were mailed to Mr. Brooks's address of record. Notably, in Mr. Brooks's first filing with the Court, he identified his address as 10410 Gloucester Lane, Cheltenham, MD 20623. ECF No. 8-1, Proposed Order on Motion to Vacate Default. In his more recent filing seeking leave to oppose the Government's Motion for Default Judgment, Mr. Brooks identifies his address as 16401 Andrea Court, Bowie, MD 20716.[3] ECF No. 17 at 4. Mr. Brooks did not inform the Court of his change of address, as is his responsibility as a self-represented litigant. Local Rule 102.1(b)(iii) specifically states that "[s]elf-represented litigants must file with the Clerk in every case which they have pending a statement of their current address where case-related papers may be served," and that they are

---

[3]     The Clerk has updated Mr. Brooks's address of record to 16401 Andrea Court, Bowie, MD 20716.

under a continuing obligation to keep the Court apprised of their current address. *Id.* Indeed, default judgment is expressly identified as a potential consequence of a pro-se litigant's failure to comply with that Local Rule. *Id.*

That said, whether to award default judgment is within the discretion of the district court, and that discretion "must be liberally exercised in entering [default] judgments and providing relief therefrom." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). The Fourth Circuit has a "strong policy" that "cases be decided on their merits." *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)). And the Federal Rules of Civil Procedure themselves reflect "a clear policy . . . to encourage dispositions of claims on their merits." *Moradi*, 673 F.2d at 737.

In light of the strong preference for deciding cases on their merits, and because Mr. Brooks has not been entirely unresponsive in this case, I will provide Mr. Brooks with a final opportunity to file a verified claim and an answer or Rule 12 motion. Mr. Brooks is advised that I am unlikely to grant any further extensions absent good cause shown.

It is accordingly ORDERED that:

1. Mr. Brooks shall file a verified claim on or before **September 9, 2022;** and

2. Mr. Brooks shall file an answer to the Complaint, or a motion under Rule 12 of the Federal Rules of Civil Procedure, pursuant to Rule G(5)(b) of the Supplemental Rules on or before **September 23, 2022.**

3. If Mr. Brooks timely files a verified claim and answer or Rule 12 motion, I will grant his Motion to Set Aside Default and I will deny the Government's Motion for Default Judgment and Mr. Brooks's Motion for Leave to File an Opposition as moot.

4.  If Mr. Brooks fails to meet those deadlines, his Motion to Set Aside Default will be denied without further notice and I will consider the Government's Motion for Default Judgment as unopposed.

Dated: August 11, 2022

                                                                   /S/
                                               Paul W. Grimm
                                               United States District Judge